IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRAD PEARSON** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.:  06-CV-00822-DRH-DGW |
| | ) |
| **ILLINOIS CENTRAL RAILROAD** | ) |
| **COMPANY, d/b/a CN/IC,** | ) |
|  a corporation, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

### (Federal Employers' Liability Act)

COMES NOW the Plaintiff, **BRAD PEARSON,** by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3. That on or about October 13, 2006, and at all times mentioned herein, the Plaintiff, BRAD PEARSON, was an employee of Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CN/IC, a corporation, and had been for several years prior thereto.

4. That at all times relevant herein, BRAD PEARSON, was a citizen and resident of Salem, Illinois and as such was domiciled in the Southern District of this Court.

5. That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

6. That on or about the above-said date, Plaintiff was employed by the Defendant as a locomotive engineer and while in the performance of his duty as a locomotive engineer, was walking in Defendant's yard in Centralia, Illinois.

7. That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

(a) Failed to provide Plaintiff with a reasonably safe place in which to work;

(b) Failed to provide Plaintiff with a safe method of work;

(c) Failed to illuminate its walkways and work surfaces;

(d) Failed to provide non-slip walkways and work surfaces;

(e) Failed to provide a safe grade to its walkways and work surfaces;

(f) Failed to conduct periodic inspections and maintenance routines of it walkways and work surfaces;

(g) Failed to maintain its walkways and work surfaces free from rock and debris;

(h) Failed to inspect and maintain its walkways and work surfaces to keep them free of rock and foreign debris;

(i) Violated General Safety Rule A which states: "Safety, health and the prevention of injuries is of the first importance in the discharge of duty, and at all times";

    (j)    Violated General Safety Rule C which states: "Employees are expected to utilize experience, intelligence and common sense in addition to knowledge of the safety rules in determining if an action or activity is safe."

    (k)    Violated General Safety Rule F which states: "Employees must take the time to work SAFELY."

    (l)    Violated General Safety Rule G-210 which states: "Keep your work area clean and orderly; keep all tools and materials in designated places";

    (m)    Violated General Safety Rule G-270 which states: "Keep aisles, walkways, yard leads, steps and driveways free from debris, tools, equipment and other material";

    (n)    Violated General Rule A of the Operating Rules which states: "Safety. Safety is the most important element in performing duties. In case of doubt or uncertainty, take the safe course."

    (o)    Violated General Rule C of the Operating Rules which states: "Alert and Attentive. Employees must take care to prevent injury to themselves or others. They must be alert and attentive when performing their duties, observing the condition of equipment and tools they use to perform their duties. Defective equipment must be reported to the proper authority and must not be used"; and

    (p)    Allowed unsafe practices to become the common practice.

8.    That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when he was caused to fall, while walking on Defendant's walkways and walk surfaces, causing severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of the vertebra of the neck, back, and spine; an aggravation of a pre-existing condition to the spine; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue

to lose large sums of money from his usual gainful occupation; that he has sustained an impairment of his earning capacity; that he lost a life-time job guarantee; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, BRAD PEARSON, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD, d/b/a CN/IC in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

**KUJAWSKI & NOWAK, P.C.**

By: s/John P. Kujawski
**JOHN P. KUJAWSKI, #3128922**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois  62269-1764
Telephone:  (618) 622-3600
Facsimile:   (618) 622-3700
**ATTORNEYS FOR  PLAINTIFF**

- 4 -