IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRAD PEARSON,**

**Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD,**
**d/b/a CN/IC, a corporation,**

**Defendant.** No. 06-cv-0822-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Plaintiff's motion in limine (Doc. 37). Defendant responded to the motion (Doc. 41). The Court grants in part and denies in as follows:

(1) Plaintiff moves to exclude any evidence that Plaintiff had any previous accidents, injuries or medical injuries before the incidents of October 13, 2006. Said request is **GRANTED** unless Defendant can show causal connection that Plaintiff's prior injuries played any part in Plaintiff's current condition.

(2) Plaintiff moves to exclude any evidence that Plaintiff has applied for or received disability payments of any nature that there have been or will be collateral source payments, including but not limited to Railroad

Retirement Board Supplemental Sickness Benefits, advances or any insurance benefits. Defendant does not object to this request unless Plaintiff opens the door. Said request is **GRANTED**.

(3) Plaintiff moves to exclude evidence of when and why Plaintiff hired an attorney. Defendant does not object to this request. Said request is **GRANTED**. This information is irrelevant and collateral to this lawsuit.

(4) Plaintiff moves to exclude evidence that the fact that the Plaintiff's wife has a business, is employed, or the nature of or the amounts of income and/or profits earned by the Plaintiff's spouse in connection with any job, business or venture. Defendant does not object to this request. Said request is **GRANTED**. This evidence is irrelevant and is not permitted as it would put the financial condition of Plaintiff's family at issue.

(5) Plaintiff moves to exclude any evidence regarding Defendant's "Wage Continuation Program", or any other financial assistance program offered by Defendant, and further, how and in what manner Plaintiff applied. Defendant reserves the right to present evidence if Plaintiff opens the door. Said request is **GRANTED**. This evidence is irrelevant.

(6) Plaintiff moves to exclude any and all testimony for Defendant's IME doctor, Peter Anderson, Dr. Anderson admitted in his deposition that Dr. Garnett, his treating surgeon was in a better position to determine

his current condition and ability to return to work. Defendant objects to this request arguing that Dr. Anderson's testimony is admissible and goes far beyond the Plaintiff's "current condition and ability to return to work." Said request is **DENIED**. The Court finds that this evidence is relevant and appropriate for cross examination.

(7) Plaintiff moves to exclude any and all testimony of any supervisors, officials or employees of Illinois Central Railroad Company not already deposed. Defendant objects to this request arguing that the facts recited by Plaintiff are not accurate. Defendant contends that Plaintiff's counsel and former counsel have not take any depositions of any Illinois Central employees. Said request is **DENIED**. The Court will allow testimony of the witnesses listed in the Initial Disclosures, Pretrial Disclosures and the Final Pretrial Order.

(8) Plaintiff moves to exclude any and all testimony concerning Plaintiff's failure to mitigate damages. Defendant objects to this request. Said request is **DENIED**. Whether or not Plaintiff failed to mitigate his damages, is an issue for the jury to decide.

(9) Plaintiff moves to exclude any request be Defendant or its counseling concerning the fact that the only witnesses who testified in this case no longer work for the defendant. Defendant objects to this request arguing that it is not clear as to what Plaintiff is trying to exclude. The

Court agrees with Defendant. Said request is **DENIED**.

(10) Plaintiff moves to exclude the financial or pecuniary circumstances of the Plaintiff including the type and number of cars, home, or other material possessions he owns, investment or other passive income. Defendant does not object to this request. Said request is **GRANTED**. This information is irrelevant and immaterial to the issues in the case.

(11) Plaintiff moves to exclude any evidence that Plaintiff was referred to treating doctors by former clients of Plaintiff's current law firm and that they were plaintiffs in FELA cases against Defendant. Said request is **GRANTED**. This information is irrelevant, immaterial and prejudicial to Plaintiff.

(12) Plaintiff moves to exclude any suggestions of secondary gain motivation or that patients involved in litigation have complaints of injury for a longer period of time than patients who are not involved in litigation or do not return to work as quickly. Defendant objects to this request arguing that Plaintiff had a duty to mitigate his damages and has not worked since the accident. Said request is **GRANTED**. This type of evidence is immaterial and irrelevant to the litigation

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion in limine (Doc. 37).

**IT IS SO ORDERED.**

Signed this 27th day of March, 2008.

/s/ David R Herndon
**Chief Judge
United States District Court**