IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRAD PEARSON,**

**Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD,**
**d/b/a CN/IC, a corporation,**

**Defendant.**                                         No. 06-cv-0822-DRH

### ORDER

**HERNDON, Chief Judge:**

Now before the Court is Defendant's November 30, 2007 motion in limine (Doc. 29). Defendant's motion contains 41 requests. As of this date, Plaintiff has not responded to the motion. The Court grants in part and denies in part as follows:

(1) Defendant moves to exclude any evidence, testimony or reference to this motion in limine and the rulings of the Court thereon. Said request is **GRANTED**. This type of evidence is irrelevant and improper.

(2) Defendant moves to exclude any comment, argument or suggestion that this lawsuit is Plaintiff's exclusive remedy and/or that Plaintiff is not eligible to receive worker's compensation benefits. Said request is **GRANTED**. This evidence is irrelevant, immaterial and improper.

(3) Defendant moves to exclude any comment, argument or suggestion

concerning the purpose, policy or intent of Congress in enacting the Federal Employers' Liability Act. Said request is **GRANTED**. This evidence is irrelevant, immaterial and improper.

(4) Defendant moves to exclude any evidence, testimony or argument that the railroad industry is unsafe or dangerous. Said request is **GRANTED**. This evidence is irrelevant, unsubstantiated and immaterial.

(5) Defendant moves to exclude any argument, comment or suggestion that the jurors place themselves in the position of Plaintiff in assessing damages. Said request is **GRANTED**. This type of evidence is misleading and improper.

(6) Defendant moves to exclude any argument, comment or suggestion that the jurors act as safety advocates in this lawsuit or that they send a message to the corporate defendant with their verdict. Said request is **GRANTED**. This type of evidence is improper and inflammatory.

(7) Defendant moves to exclude any reference to the Defendant being a large corporation or the difference in the status of Plaintiff as an individual and this Defendant as a corporation. Said request is **GRANTED**. This evidence is irrelevant and immaterial.

(8) Defendant moves to bar and exclude any reference to Defendant's size, financial condition, wealth, solvency, corporate nature, foreign or

out of state residency or ability to pay a verdict or satisfy a judgment in this case. Said request is **GRANTED**. This evidence irrelevant, unduly prejudicial, improper and inadmissable under .

(9) Defendant moves to exclude any evidence, testimony, or reference regarding Plaintiff's medical bills, on the grounds that Plaintiff's medical bills have been paid by Illinois Central or through an insurance policy wholly maintained and paid for by Illinois Central. Said request is **GRANTED**. This evidence irrelevant, unduly prejudicial and improper.

(10) Defendant moves to exclude any evidence, testimony or argument from lay witnesses concerning Plaintiff's medical condition, work capacity, or alleged resulting disability. Said request is **GRANTED**. This type of evidence is inadmissible on the grounds of hearsay and improper. However, Plaintiff may testify as to this.

(11) Defendant moves to exclude any additional opinion testimony from Plaintiff's experts, or bases for their opinion, other than those listed by them during their depositions, or in their reports. Said request is **GRANTED**. Allowing this type of evidence would be improper and would prejudice Defendant.

(12) Defendant moves to exclude any evidence, testimony or reference to any post-accident remedial measures. Said request is **GRANTED**. This type of evidence is inadmissable under **FEDERAL RULE OF EVIDENCE**

**407** which makes inadmissable any evidence of subsequent remedial measures.

(13) Defendant moves to bar and exclude any evidence of Claire Pearson's pain, suffering, grief, sorrow or other mental anguish as a result of the occurrence at issue in Plaintiff's complaint.  Said request is **GRANTED**.  This evidence is inadmissable and irrelevant as a loss of consortium or society is not recoverable under FELA. ***See Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)**.

(14) Defendant moves to exclude any reference to Plaintiff's marital status, his children, or the number of his children.  Said request is **DENIED** to the extent that this is relevant to his physical condition and his background.

(15) Defendant moves to exclude any reference to a claim for loss of consortium or services by Plaintiff's wife or dependents.  Said request is **GRANTED**.  As stated previously, this type of evidence is inadmissable and irrelevant as a loss of consortium or services by Plaintiff's wife or dependents is not recoverable under FELA. ***See Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)**.

(16) Defendant moves to prevent Plaintiff from using any statement, photograph, writing, or any other document or other item heretofore requested by Defendant that have not heretofore been produced by

Plaintiff. Said request is **GRANTED**. This type of evidence is inadmissable as it is improper and would be prejudicial to Defendant.

(17) Defendant moves to prohibit Plaintiff from calling any witnesses, expert or otherwise, in direct or rebuttal, other than those witnesses who have been previously disclosed prior to the entry of this Order. Said request is **GRANTED**. This type of evidence would be improper and would be prejudicial to Defendant.

(18) Defendant moves to exclude any statement or argument that Plaintiff has "given a number of years of his life to this company;" that Plaintiff has "given the best years of his life to this company;" or that Plaintiff has "incurred an injury for this company." Said request is **GRANTED.** This type of evidence is irrelevant and would prejudice Defendant.

(19) Defendant moves to exclude any reference to evidence that the Railroad could have provided safer methods of work. Said request is **GRANTED**. This type of evidence is improper and would confuse the issues in this case.

(20) Defendant moves to exclude any reference or mention regarding surveillance in any way, shape, or form, as Defendant has withheld surveillance conducted of Plaintiff as privileged, as it has indicated it does not intend to use surveillance at trial. Said request is **GRANTED**.

This type of evidence is improper and prejudicial to Defendant.

(21) Defendant moves to exclude any reference or mention of Plaintiff's reputation for safety on the job or reputation as to character. Said request is **GRANTED**. This type of evidence is irrelevant and prejudicial to Defendant.

(22) Defendant moves to exclude any evidence, testimony or argument that Plaintiff's damages include Tier I and Tier II taxes paid by Defendant Railroad to the Railroad Retirement Board. Said request is **GRANTED**. This evidence irrelevant and improper.

(23) Defendant moves to exclude any evidence, testimony or argument regarding Plaintiff's gross wage loss as a measure of damages, since Plaintiff's net wage loss is the appropriate measure of damages. Said request is **GRANTED**. The Court agrees with Defendant. ***See Norfolk & Western Railroad v. Liepelt*, 444 U.S. 490 (1980)**. This type of evidence is improper and irrelevant.

(24) Defendant moves to bar and exclude any evidence or reference concerning the physical condition of Plaintiff's wife, Claire Pearson. Said request is **GRANTED**. This evidence is irrelevant, inadmissable and prejudicial to Defendant.

(25) Defendant moves for an entry of an order in limine preventing Claire Pearson from being present in the Courtroom until such time as

she is called as a witness and subsequently excused as a witness. Said request is **GRANTED** in the event that Ms. Pearson will be called as a witness.

(26) Defendant moves to bar and exclude any evidence concerning offers to settle or compromise or any settlement agreements entered into between Illinois Central and Plaintiff involving the occurrence at issue in Plaintiff's complaint. Said request is **GRANTED**. This type of evidence is inadmissible under **FEDERAL RULE OF EVIDENCE 408**, irrelevant, and prejudicial to Defendant.

(27) Defendant moves to exclude any reference that Defendant had or has had indemnity or liability insurance or insurance coverage of any sort whatsoever. Said request is **GRANTED**. This evidence is inadmissible.

(28) Defendant moves to exclude any comment or reference which would imply that Illinois Central has not fully complied with all motions for production and the rules relating to discovery in this case. Said request is **GRANTED**. This type of evidence is improper, irrelevant and prejudicial to Defendant.

(29) Defendant moves to bar and exclude any reference to an incident which occurred after the alleged incident of October 13, 2006, in the general vicinity of the alleged incident involving George VonRhor. Said

request is **GRANTED**. This evidence is irrelevant and improper.

(30) Defendant moves to exclude from evidence any photographs, testimony or other representations offered into evidence which do not correctly represent the conditions of the premises, including lighting, as they appeared on October 13, 2006. Said request is **GRANTED**. This evidence is improper.

(31) Defendant moves to exclude any statement as to what any physician or any other doctor, osteopath, chiropractor or other person practicing the healing arts, allegedly told the Plaintiff or Plaintiff's witnesses as to the extent and nature of his examination, his alleged findings, disability, or physical impairment, diagnosis or prognosis. Said request is **GRANTED**.

(32) Defendant moves to exclude any reference to whether any juror has any relationship with, is employed by, or has an investment in any insurance company, as there is no liability insurance coverage applicable to this case. Said request is **GRANTED**. This evidence is improper.

(33) Defendant moves to exclude any reference to the Plaintiff's financial condition and expenditures or requirements for expenditures other than those directly related to Plaintiff's alleged injuries. Said request is **GRANTED**. This evidence is improper and immaterial.

(34) Defendant moves to exclude evidence regarding depositions or failure to bring witnesses live. Said request is **GRANTED**. This type of evidence is improper, irrelevant and immaterial.

(35) Defendant moves to exclude reference to punitive or exemplary damages, as such damages are not allowed in FELA actions. Said request is **GRANTED**. This type of evidence is improper as punitive damages are not available in FELA actions. ***See e.g., Wildman v. Burlington Northern Railroad Co., 825 F.2d 1392 (9th Cir. 1987)***.

(36) Defendant moves to exclude any reference to the quality of the post-accident investigation, or that such was done in a sloppy or haphazard way. Said request is **GRANTED**. This type of evidence is improper, irrelevant and misleading as to the relevant issues in the case.

(37) Defendant moves to exclude any reference to inflation or the effect of inflation upon an award of damages in this FELA case. Said motion **GRANTED**. This evidence is improper. ***See Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983)***.

(38) Defendant moves to exclude any reference or argument that the damage award in this FELA case is subject to federal income tax. Said request is **GRANTED**. This evidence is improper. ***See Norfolk and Western Railroad Co. v. Liepelt*, 444 U.S. at 496 ("the amount of any damages received on account of personal injuries is not taxable**

income.")**.

(39) Defendant moves to exclude any reference regarding prejudgment interest as such is not an element of recoverable damages in this FELA action. Said request is **GRANTED**. This evidence is improper. ***See Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330**.

(40) Defendant moves to exclude any reference to the personal habits of Illinois Central's agents or employees, such as drinking alcoholic beverages or smoking. Said request is **GRANTED**. This evidence is irrelevant and prejudicial to Defendant.

(41) Defendant moves to exclude any reference to Illinois Central's alleged violation of certain safety rules contained in paragraph seven of Plaintiff's complaint, which Defendant contends that even if proven, does not impose liability upon Illinois Central. Said request is **DENIED**. The Court cannot determine if any of these alleged violations are relevant without hearing the evidence.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's motion in limine (Doc. 29).

**IT IS SO ORDERED.**

Signed this 27th day of March, 2008.

/s/    *David R Herndon*
**Chief Judge
United States District Court**